IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON DANIEL BRADY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 03-218E |
| ) | |
| v. ) | |
| ) | Hon. Maurice B. Cohill, Jr. |
| LTC WENDELL L. MAY, ) | Senior United States District |
| Military Personnel Officer, ) | Judge |
| Pennsylvania National Guard, ) | |
| ) | ELECTRONICALLY FILED |
| Defendant. ) | |

## DEFENDANT'S MOTION TO DISMISS

AND NOW, comes Defendant, LTC Wendell L. May, Military Personnel Officer, Pennsylvania National Guard, by his attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Paul D. Kovac, Assistant United States Attorney, and submits this Motion to Dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). In support of this Motion, Defendant avers as follows:

1. Plaintiff initiated this action by filing a Complaint on July 9, 2003. By his Complaint, Plaintiff, a Pennsylvania National Guardsman, demands judgment against Defendant for an enlistment bonus that he alleges was never paid. Complaint at ¶ 5.

2. Plaintiff, who is appearing pro se, fails to allege any specific jurisdictional basis for bringing this lawsuit before the Court. Plaintiff simply states: "[t]his court has jurisdiction over this matter." Complaint at ¶ 5.

3.  This Complaint should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction because Plaintiff has failed to allege any jurisdictional basis for this lawsuit.

4.  Alternatively, Plaintiff's Complaint should be dismissed, pursuant to Rule 12(b)(1), for failure to exhaust administrative remedies.  Plaintiff's allegations concern the correction of his military enlistment contract in order to receive an enlistment bonus.  Such action is currently being handled through military administrative channels, and in the meantime, Defendant is unaware of any jurisdictional provision that permits Plaintiff to obtain judicial intervention at this point.  Specifically, Plaintiff can obtain relief by applying for correction of military records with the Army Board for Correction of Military Records.  Because Plaintiff has not exhausted this administrative remedy, his Complaint must be dismissed pursuant to Rule 12(b)(1).  However, if the pleadings are not clear on this issue, the Complaint may also be dismissed pursuant to Rule 12(b)(6).

5.  WHEREFORE, Defendant respectfully requests that the Court enter an Order granting Defendant's Motion to Dismiss and granting such other and further relief as the Court may deem just and proper.

A proposed Order is attached, and a Memorandum of Law is filed simultaneously with this Motion.

        Respectfully submitted,

        MARY BETH BUCHANAN
        United States Attorney


        By:   s/Paul D. Kovac
            PAUL D. KOVAC
            Assistant U.S. Attorney
            Western District of Pennsylvania
            U.S. Post Office & Courthouse
            700 Grant Street, Suite 4000
            Pittsburgh, PA 15219
            (412) 894-7489

Dated:  August 5, 2005

CERTIFICATE OF SERVICE

    I hereby certify that on August 5, 2005, I electronically filed and/or served a copy of Defendant's Motion to Dismiss upon the following:

>Jason Daniel Brady
>Plaintiff Pro Se
>4885 State Highway 173
>Cochranton, PA 16314

>s/Paul D. Kovac
>PAUL D. KOVAC
>Assistant U. S. Attorney