```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF PENNSYLVANIA


JASON DANIEL BRADY,              )
                                 )   Civil Action No. 03-218E
        Plaintiff,               )
                                 )   Hon. Maurice B. Cohill, Jr.
   v.                            )   Senior United States District
                                 )   Judge
LTC WENDELL L. MAY,              )
Military Personnel Officer,      )   ELECTRONICALLY FILED
Pennsylvania National Guard,     )
                                 )
        Defendant.                )
```

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT

AND NOW, comes Defendant, LTC Wendell L. May, Military Personnel Officer, Pennsylvania National Guard, by his attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Paul D. Kovac, Assistant United States Attorney, and respectfully submits this Memorandum of Law in support of his Motion, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.

## STATEMENT OF FACTS[1]

Plaintiff, Jason Daniel Brady, is an enlisted guardsman with the Pennsylvania National Guard. Complaint at ¶ 5. On July 9, 2003, he filed a pro se Complaint demanding judgment against

---

[1] In a Motion to Dismiss, pursuant to Rule 12(b)(1), all of the facts asserted in the Complaint are assumed to be true. Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001). However, Defendant reserves the right to dispute or disprove any or all of the allegations in any subsequent proceedings in this action.

Defendant in the amount of $5,000 for an enlistment bonus that he alleges was never paid.  Id.  As the jurisdictional basis for his Complaint, Plaintiff simply alleges that "[t]his court has jurisdiction over this matter" and never provides any specific ground(s).

In his Complaint, Plaintiff alleges that he enlisted in the Pennsylvania National Guard on January 6, 2000, and was offered an "enlistment incentive" or bonus of $5,000.  Complaint at ¶ 5. In order to receive this bonus, Plaintiff claims that the recruiter informed him that "the terms of the enlistment had to be changed in order for him to receive the bonus."  Id. Plaintiff alleges that he agreed to such changes, that the terms of the enlistment were altered, and that Defendant has twice refused to pay the bonus.  Id.  Without specifying, Plaintiff claims that his attempt "to resolve this matter through other channels have proven unsuccessful."  Id.  As a result, Plaintiff attempts to invoke this Court's jurisdiction for relief.

### ARGUMENT

**I.   THE COMPLAINT SHOULD BE DISMISSED, PURSUANT TO RULE 12(B)(1), BECAUSE PLAINTIFF HAS FAILED TO ASSERT ANY JURISDICTIONAL BASIS THAT PERMITS THIS COURT TO ENTERTAIN THIS DISPUTE.**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a court may dismiss an action for lack of subject matter jurisdiction.  "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of

persuasion." Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).  Moreover, when a Complaint is attacked as jurisdictionally deficient on its face, the Court must take all allegations in the Complaint as true.  Weston, 251 F.3d at 425.  In cases such as the present one involving a pro se litigant, the Court must construe the Complaint liberally.  See Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004) ("Courts are to construe complaints so 'as to do substantial justice'. . . keeping in mind that pro se complaints in particular should be construed liberally.") (quoting Dluhos v. Strasberg, 321 F.3d 365, 369 [3d Cir. 2003]).

    Here, even the most liberal construction of Plaintiff's Complaint cannot excuse the fact that Plaintiff fails to mention any jurisdictional basis that enables the Court to hear his claim.  Plaintiff simply attempts to invoke this Court's jurisdiction by stating: "[t]his court has jurisdiction over this matter."  Complaint at ¶ 5.  This bald assertion is insufficient and, absent any jurisdictional basis, this case must be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of

establishing the contrary rests upon the party asserting jurisdiction.") (emphasis added).  Moreover, although this Court is instructed to read a pro se Complaint liberally, this does not mean that the Court is obligated to survey federal law in order to find a jurisdictional basis for Plaintiff's allegations.[2]  Even if such a survey were conducted, Defendant is unaware of any jurisdictional provision that provides Plaintiff with judicial review of any agency action that is currently ongoing and where Plaintiff is not suffering any immediate or irreparable harm.  As demonstrated in the next section, Plaintiff's claim is currently being addressed through administrative channels, and these avenues have yet to be exhausted.  Accordingly, Plaintiff's Complaint should be dismissed for lack of jurisdiction pursuant to Rule 12(b)(1).[3]

---

[2]  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) ("At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant."); Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) ("Despite liberal construction afforded pro se pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of these issues."); Hooks v. Army and Air Force Exchange Servc., 944 F. Supp. 503, 506 (N.D. Tex. 1996)("Although pro se pleadings are to be treated liberally, 'the burden remains on a plaintiff to show that the court's limited federal jurisdiction has been properly invoked.'") (quoting Walker v. United States, 471 F. Supp. 38, 40 [M.D. Fla. 1978]).

[3]  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction, the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (quotation omitted).

## II. ALTERNATIVELY, PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

As an alternative basis, Plaintiff's Complaint may also be dismissed for failure to exhaust administrative remedies pursuant to Federal Rule of Civil Procedure 12(b)(1). See Dugan v. Coastal Indus., 96 F. Supp.2d. 481, 485 (E.D. Pa. 2000) (stating that Rule 12(b)(1) is an appropriate dismissal basis "when on the face of the pleadings it is clear that administrative remedies have not been exhausted.") (quoting Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997).[4] As demonstrated below, Plaintiff is still in the process of exhausting his administrative remedies, and thus, this case should be dismissed.

Plaintiff seeks a Court Order requiring the Army to pay an enlistment bonus, alleging that his original enlistment records were altered such that he is entitled to the bonus. Complaint at ¶ 5. Congress has provided a statutory procedure for review of adverse decisions relating to military records. Section 1552 of Title 10, United States Code, establishes the Army Board for

---

[4] The defense of failure to exhaust administrative remedies has also been presented pursuant to Federal Rule of Civil Procedure 12(b)(6). Anjelino v. New York Times Co., 200 F.3d 73, 87-88 (3d Cir. 1999). This appears to occur only in circumstances where the defense is not clear from the pleadings. See Dugan, 96 F. Supp.2d. 485 n.4 (distinguishing Anjelino and noting that when "failure to exhaust administrative claims was not clear from the face of the parties' pleadings," then Rule 12(b)(6) is applicable). Should the Court deem the pleadings not clear on this issue, Defendant submits that this Complaint may also be dismissed pursuant to Rule 12(b)(6).

Correction of Military Records ("Board" or "ABCMR") and grants it the broad authority to "correct any [Army] record" whenever it is "necessary to correct an error or remove an injustice." See also Attachment ("Attach.") A (Army Regulation 15-185 governing the correction of military records before the ABCMR). The Board possesses particular expertise in military administrative matters, such as enlistment incentive programs and governing regulations. See Sherengos v. Seamans, 449 F.2d 333 (4th Cir. 1971) (military correction boards are the final administrative appellate authority as they are perched at the "apex of a pyramidal system of specialized boards of review"). Accordingly, there is an appropriate administrative mechanism for the relief Plaintiff requests, and judicial intervention before Plaintiff has fully presented his claims to the ABCMR is inappropriate.

Indeed, Plaintiff is fully aware of this administrative relief mechanism and is presently in the process of pursuing an ABCMR application to correct his enlistment records in order to obtain the bonus. See Plaintiff's Motion for Extension of Time to Evaluate Out-of-Court Proposal (hereafter "Pl.'s Extension Motion") (Doc. No. 11 filed on 8/3/05 and attached hereto as Attach. B).[5] Plaintiff's problems are the result of an

---

[5] The Court should also be aware that Plaintiff's Extension Motion was signed by his father, James C. Brady Jr., who is not a licensed attorney or a named party in this case. Although the father's intentions on behalf of his son may be well-grounded, pro se Plaintiff and his father should be wary about the unauthorized practice of law or unauthorized appearance(s) before this Court.

administrative error regarding his enlistment contract that the military is currently addressing with due diligence.  Attach. B at 2, 3.  Specifically, upon his initial enlistment, Plaintiff had requested the option to attend Officer Candidate School ("OCS") which precluded the receipt of any type of bonus. Attach. C at 1.  Within two weeks of signing OCS documentation, Plaintiff changed his mind and opted to enlist as an infantryman where enlistment bonuses may be authorized in certain cases.  Id. However, Plaintiff's original enlistment papers were not immediately changed to reflect his changed status.  Id.  This change needs to occur because regulations prohibit the disbursement of bonus money without proper enlistment documentation.  Id.

In a letter dated July 14, 2005, Plaintiff's military command recommended that he be paid the $5,000 enlistment bonus. Attach. B at 3.  Moreover, in a letter dated July 16, 2005, the military command's staff judge advocate, Lieutenant Colonel Robert C. Spinelli, notified Plaintiff that he must first apply to the ABCMR to correct the enlistment documents in order to receive the bonus.  Attach. B at 2.  Lt. Col. Spinelli provided the appropriate documentation to Plaintiff and even offered to review the completed documents and provide a cover letter to the ABCMR.  Id.  On July 28, 2005, Plaintiff completed the application to the Board requesting a change of his enlistment

contract to properly reflect his current status.  Attach. C at 2. On August 5, 2005, Staff Judge Advocate Lt. Col. Spinelli forwarded the application and a letter of endorsement to the Board.  Attach. C at 1.

    Simply stated, Plaintiff has adequate relief through administrative channels that have not yet been exhausted.  More importantly, Defendant is not sitting idly by, leaving a service member's complaint unaddressed; instead, the command and military lawyers are actively engaged in assisting Plaintiff through the appropriate administrative correction channels.  Attach. B at 2, 3; Attach. C at 1.

    By seeking judicial relief without first appealing his case to the Board, Plaintiff has improperly side-stepped the mechanism expressly established by Congress for correction of mistakes or injustice.  It is well-established that military personnel must exhaust all available internal military review procedures before a district court will have jurisdiction over a complaint arising out of military personnel actions. See Chappell v. Wallace, 462 U.S. 296, 301 (1983) (noting the "explicit grant of plenary authority to Congress to regulate the military counsels against court interference with military decision making").  The ABCMR is uniquely qualified to address this claim given its expertise in military administrative matters.

Moreover, strict application of the exhaustion doctrine in military personnel cases promotes judicial economy for at least two reasons.  First, the military review process produces a record for judicial review, which is particularly beneficial in cases, such as this one, involving factual issues or questions regarding the proper construction and application of military regulations.  See Guitard v. Secretary of the Navy, 967 F.2d 737, 740 (2d Cir. 1992); Muhammad v. Secretary of the Army, 770 F.2d 1494, 1495 (9th Cir. 1985).  Second, the military review process may accord the member the relief he seeks (especially when the Plaintiff's military command is endorsing his position), thereby obviating the need for judicial review.  See Noyd v. Bond, 395 U.S. 683, 696 (1969); Guitard, 967 F.2d at 740 (quoting Schlesinger v. Councilman, 420 U.S. 738 [1975]).  Accordingly, Plaintiff's Complaint can also be dismissed for failure to exhaust administrative remedies.

**CONCLUSION**

For these reasons, Defendant respectfully requests that Plaintiff's Complaint be dismissed for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

                Respectfully submitted,

                MARY BETH BUCHANAN
                United States Attorney


            By:  s/Paul D. Kovac
                  PAUL D. KOVAC
                  Assistant U.S. Attorney
                  Western District of Pennsylvania
                  U.S. Post Office & Courthouse
                  700 Grant Street, Suite 4000
                  Pittsburgh, PA 15219
                  (412) 894-7489

Dated:  August 5, 2005

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 5, 2005, I electronically filed and/or served a copy of Defendant's Memorandum of Law in Support of Motion to Dismiss upon the following:

> Jason Daniel Brady
> Plaintiff <u>Pro</u> <u>Se</u>
> 4885 State Highway 173
> Cochranton, PA 16314

> <u>s/Paul D. Kovac</u>
> PAUL D. KOVAC
> Assistant U.S. Attorney