IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JASON DANIEL BRADY,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil No. 03-218 Erie |
| **LTC WENDELL L. MAY,** | ) |
| **Defendant.** | ) |

### ORDER

The Court has received a letter from pro se Plaintiff Jason D. Brady dated September [sic] 29, 2005, which purports to be a response to Defendant's motion to dismiss. A copy of the letter is attached hereto as Appendix A.

Plaintiff did not file this document with the Clerk of Court and did not serve a copy of the document on opposing counsel. For the Court to consider a pleading it must be filed with the Clerk of Court and served upon opposing counsel in accordance with the Federal Rules of Civil Procedure.

We caution Plaintiff that he may not rely on his pro se status as an excuse for failure to follow applicable rules. "Filing a Complaint pro se does not exempt a plaintiff from pleading essential elements of his claim, nor does it excuse ignorance or lack of attention to the ordinary rules of civil procedure." Jones v. Omni Bank, 1998 WL 761869, *5 (E.D.Pa. 1998), citing McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980 (1993). See also Martinez-McBean v. Government of Virgin Islands, 562 F.2d 908, 912 (3d Cir. 1977) (right of self-representation is not a license excusing compliance with relevant rules of procedural and substantive law).

Since filing this case, the Plaintiff has failed to comply with some basic rules; for example:

After failing to serve the Complaint for over one year, we ordered Plaintiff to serve the Complaint or risk dismissal. Plaintiff attempted to serve the Complaint, but did not effect proper

service, so we again ordered that proper service be made. In response, Plaintiff sent a letter dated May 12, 2005, which appeared to be proof of service of a complaint. At that time we returned the documents to Plaintiff, advised him that proof of service of a complaint and summons must be filed with the Clerk of Court, and that sending a letter to Judge Cohill is not the proper avenue.

In August, 2005, Plaintiff's father filed a motion on his son's behalf. A law clerk advised Plaintiff's father by telephone that such action is not proper as he does not represent Plaintiff and he is not an attorney. Plaintiff is entitled to proceed pro se, or be represented by counsel. If he proceeds pro se, then Plaintiff is responsible for prosecuting his lawsuit himself.

Because Plaintiff is not represented by counsel we have been forgiving of many of these oversights, but this cannot be permitted to continue. It is simply not fair to opposing counsel.

This is the second time we have instructed Plaintiff that pleadings are to be filed with the Clerk of Courts. Sending a letter to a judge's chambers is not the proper avenue. We will not accept any such letters in the future.

AND NOW, to-wit, this 31st day of August, 2005, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff shall properly file and serve on opposing counsel a response to Defendant's motion to dismiss no later than September 16, 2005

/s/ Maurice B. Cohill, Jr.
Maurice B. Cohill, Jr.
Senior United States District Judge

cc:  Jason Daniel Brady, pro se    (via regular mail)
     4885 State Highway 173
     Cochranton, PA 16314

     Paul Kovac                    (via electronic mail)
     United States Attorney's Office
     700 Grant Street
     Suite 4000
     Pittsburgh, PA 15219

2