United States District Court
Western District of Pennsylvania
Maurice B. Cohill, Jr.
Pittsburgh, Pennsylvania 15219

 September 29, 2005

AUG 30 2005

MAURICE B. COHILL, JR.
JUDGE U.S. DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

Jason D. Brady
4885 State Hwy 173
Cochranton, Pa 16314

Attn: The Honorable Judge Cohill

This letter regards Civil Action No. 03-218E, "Jason Daniel Brady vs. LTC Wendell L. May". This is a response to the defendant's memorandum of law in support of the motion to dismiss the complaint.

The Assistant US Attorney, Paul D. Kovac, has made two arguments for the dismissal of the complaint, both of which will be addressed here. Defendant's first argument: "The complaint should be dismissed, pursuant to Rule 12 (B) (1), because the plaintiff has failed to assert any jurisdictional basis that permits this court to entertain this dispute." It is my assertion that the appropriate jurisdiction of this court is clearly stated in United States legal code. Title 28, Part IV, Chapter 85, Section 1346 of US Code states the following:

> (Beginning of Section A)
> "The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:"
> (Part 2)
> "Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or

> unliquidated damages in cases not sounding in tort, except that the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort which are subject to sections 8(g)(1) and 10(a)(1) of the Contract Disputes Act of 1978. For the purpose of this paragraph, an express or implied contract with the Army and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges, or Exchange Councils of the National Aeronautics and Space Administration shall be considered an express or implied contract with the United States."

In this section, the court is given clear jurisdiction to act on disputes involving the United States defense department, providing that the claim does not exceed $10,000. Since this section of code clearly provides the necessary jurisdiction, it is my request that this court provide judgment in this matter.

Defendant's second argument: "Alternatively, Plaintiff's complaint should be dismissed for failure to exhaust administrative remedies." The plaintiff can provide a clear timeline of events that show that administrative channels were fully exhausted. The resolution of this matter began within the Army National Guard chain of command. It was brought to the attention of SFC Steve Appleby and MSG Paul Mishoe who investigated this issue, but were not able to provide a resolution. After seeking all available assistance within the unit, the matter was brought to the attention of State Senator Robert Robbins (attachment 1) and LTC Wendell May, who is the Military Personnel Officer for the Pennsylvania Army National Guard. LTC May flatly dismisses the dispute in all of his correspondence regarding this matter and provided no further administrative options for resolution of the dispute (Attachment 2). At this point, after exhausting the appropriate military chain of command, I have filed a pro se complaint against the defendant. Only after this complaint had been filed has the military command

offered to resolve this issue through the Army Board for Correction of Military Records. I have submitted all appropriate and necessary information in order for this board to act on this matter. As of the date of this letter, a resolution of this complaint from this board is still pending.

For these reason, I am requesting that this court provide a resolution to this dispute. Please feel free to contact me at any time if you wish for me to expand on information that I've provided in this letter.

Sincerely,

*[signature]*

Jason D. Brady,

Plaintiff

Mr. Robert D. Robbins
PA State Senate
317 Chestnut Street
Meadville, PA 16335

Dear Mr. Robbins,

    I am writing this letter to inform you of what I consider a serious injustice being committed by the Pennsylvania Army National Guard. When my son, Jason enlisted in the local national guard unit on January 6, 2000, he was promised a $5000 enlistment bonus by the recruiter. The local armory also had a sign in front of the building on Diamond Park advertising this bonus. In addition to my son, many local citizens enlisted in the Guard during that time, expecting to be paid the $5000 bonus.

    To this date, this money has never been paid. I have talked to the full-time administrator in Corry (the unit's higher headquarters) on two occasions and was told both times that the money should have been paid. He expressed his frustration at the Commonwealth's unresponsiveness, because there are quite a few members affected.

    I'm sure you'll agree that the retention of young people in this area is a primary concern for all of us. In a faltering economy, we cannot afford to offer part-time state employment based upon deception or "bait and switch" tactics.

    In 1995, I retired from the PA Army National Guard/U.S. Army Reserve after 22 years service. I am trying to convince my son that the Guard can be a career and not just a part-time job. Won't you help me in this regard by providing some legislative emphasis in Harrisburg?

    Thank you in advance for you help and your continued support of PA military operations.

    Sincerely,

    James C. Brady Jr.



DEPARTMENT OF MILITARY AND VETERANS AFFAIRS
ADJUTANT GENERAL'S OFFICE
**COMMONWEALTH OF PENNSYLVANIA**
FORT INDIANTOWN GAP
ANNVILLE, PENNSYLVANIA 17003-5002
VOICE/TDD 1-800-645-8924
www.dmva.state.pa.us



**COPY**



November 22, 2002

Honorable Robert D. Robbins
Senate Box 203050
Harrisburg, Pennsylvania 17120-3050

Dear Senator Robbins:

    I am writing in response to your letter of October 25, 2002 to Major General William B. Lynch, The Adjutant General of Pennsylvania, on behalf of Specialist (SPC) Jason Daniel Brady. You inquired as to his question about an enlistment bonus.

    SPC Brady enlisted on January 6, 2000. At the time of enlistment, he had chosen the State Officer Candidate School option. By accepting this option, he forfeited any type of cash bonus in accordance with the Selected Reserve Incentive Program. This program further stipulates that the official document offering this bonus must be executed at the time of enlistment. Also, it appears that SPC Brady was counseled properly by the Team Leader for the Full Time Recruiting Force.

    Unfortunately, SFC Hollabaugh, who is not in the recruiting force, was incorrect in stating to the soldier that he was entitled to the bonus and would work on a solution to this situation. Bonus Control Numbers can only be issued at time of enlistment. Soldiers changing their contract after the initial processing does not entitle them to any type of "after the fact" bonus.

    Thank you for your interest and support of the Pennsylvania Army National Guard. Should you have any additional questions, please feel free to contact the Department of Military and Veterans Affairs at your earliest convenience.

Sincerely,

Wendell L. May
Lieutenant Colonel, Pennsylvania Army National Guard
Military Personnel Officer

13



DEPARTMENT OF MILITARY AND VETERANS AFFAIRS
ADJUTANT GENERAL'S OFFICE
**COMMONWEALTH OF PENNSYLVANIA**
FORT INDIANTOWN GAP
ANNVILLE, PENNSYLVANIA 17003-5002
VOICE/TDD 1-800-645-8924
www.dmva.state.pa.us

July 31, 2002

Honorable Robert D. Robbins
Pennsylvania Senate
312 Chestnut Street, Room 112
Meadville, Pennsylvania 16335

Dear Senator Robbins:

   This letter is provided in response to your correspondence of July 19, 2002 to Mr. Albert B. Rutherford, Special Assistant to The Adjutant General of Pennsylvania, regarding Specialist (SPC) Jason Daniel Brady. SPC Brady is a member of the Pennsylvania Army National Guard and is questioning an enlistment bonus.

   In reviewing the soldier's Military Personnel Records Jacket, no enlistment bonus was ever contracted. Official document offering bonus, NGB Form 600-7-R-E, would have had to be executed at the time of enlistment.

   Should you have any additional questions, please feel free to contact the Department of Military and Veterans Affairs at your earliest convenience. Thank you for your continued interest and support of the Pennsylvania Army National Guard.

                                          Sincerely,

                                          Wendell L. May
                                          Lieutenant Colonel, Pennsylvania Army National Guard
                                          Military Personnel Officer

12

Jason Brady
317 Essex
Indiana, PA 15701

United States District Court
Western District of PA
Maurice B. Cahill, JR; Judge
Pittsburgh, PA 15219

15215/3333



JOHNSTOWN PA 159
29 AUG 2005 PM