United States District Court
Western District of Pennsylvania
Maurice B. Cohill, Jr.
Pittsburgh, Pennsylvania 15219

September 2, 2005

Jason D. Brady
4885 State Hwy 173
Cochranton, Pa 16314

Attn: The Honorable Judge Cohill, the Clerk of Court, and opposing counsel

This letter regards Civil Action No. 03-218E, "Jason Daniel Brady vs. LTC Wendell L. May". This is a response to the defendant's memorandum of law in support of the motion to dismiss the complaint.

The Assistant US Attorney, Paul D. Kovac, has made two arguments for the dismissal of the complaint, both of which will be addressed here. Defendant's first argument: "The complaint should be dismissed, pursuant to Rule 12 (B) (1), because the plaintiff has failed to assert any jurisdictional basis that permits this court to entertain this dispute." It is my assertion that the appropriate jurisdiction of this court is clearly stated in United States legal code. Title 28, Part IV, Chapter 85, Section 1346 of US Code states the following:

> (Beginning of Section A)
> "The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:"
> (Part 2)
> "Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or

> unliquidated damages in cases not sounding in tort, except that the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort which are subject to sections 8(g)(1) and 10(a)(1) of the Contract Disputes Act of 1978. For the purpose of this paragraph, an express or implied contract with the Army and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges, or Exchange Councils of the National Aeronautics and Space Administration shall be considered an express or implied contract with the United States."

In this section, the court is given clear jurisdiction to act on disputes involving the United States defense department, providing that the claim does not exceed $10,000. Since this section of code clearly provides the necessary jurisdiction, it is my request that this court provide judgment in this matter.

Defendant's second argument: "Alternatively, Plaintiff's complaint should be dismissed for failure to exhaust administrative remedies." The plaintiff can provide a clear timeline of events that show that administrative channels were fully exhausted. The resolution of this matter began within the Army National Guard chain of command. It was brought to the attention of SFC Steve Appleby and MSG Paul Mishoe who investigated this issue, but were not able to provide a resolution. After seeking all available assistance within the unit, the matter was brought to the attention of State Senator Robert Robbins (attachment 1) and LTC Wendell May, who is the Military Personnel Officer for the Pennsylvania Army National Guard. LTC May flatly dismisses the dispute in all of his correspondence regarding this matter and provided no further administrative options for resolution of the dispute (Attachment 2). At this point, after exhausting the appropriate military chain of command, I have filed a pro se complaint against the defendant. Only after this complaint had been filed has the military command

offered to resolve this issue through the Army Board for Correction of Military Records. I have submitted all appropriate and necessary information in order for this board to act on this matter. As of the date of this letter, a resolution of this complaint from this board is still pending.

For these reason, I am requesting that this court does not dismiss this case and that it provide a resolution to this dispute. A copy of this letter will be filed with the Clerk of Court and a copy will be sent to the opposing counsel. I would like to add that my National Guard unit has been activated from September 2, 2005 for disaster relief in Louisiana. This activation is expected to extend approximately 30 to 60 days. Please feel free to contact me at any time if you wish for me to expand on information that I've provided in this letter.

Sincerely,

Jason D. Brady,

Plaintiff