**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**


JASON DANIEL BRADY,     )
                          )
     **Plaintiff,**         )
                          )
         v.            )       **Civil  No.  03-218 Erie**
                          )
LTC WENDELL L. MAY,      )
                          )
     **Defendant.**      )


## Opinion and Order

Plaintiff Jason Daniel Brady of the Pennsylvania National Guard sues Defendant LTC Wendell L. May, a Military Personnel Officer with the Pennsylvania National Guard for his alleged breach of failure to pay Plaintiff an enlistment incentive bonus of $5,000.00.  Presently before the Court is Defendant's Motion to Dismiss, to which Plaintiff has filed a response.

Defendant argues that Plaintiff's Complaint should be dismissed because this Court lacks subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1); or for failure to exhaust administrative remedies pursuant to Federal Rules of Civil Procedure 12(b)(1) or 12(b)(6). As discussed below we will grant Defendant's motion and dismiss the Complaint because the Plaintiff has failed to exhaust his administrative remedies.

## I.  Background

Although this action was filed on July 9, 2003, Defendant's motion to dismiss the Complaint was not filed until August 5, 2005, for the following reasons.  Mr. Brady, who is proceeding pro se, had not effected Service within 120 days of the filing of his lawsuit, so on November 1, 2004, the Court ordered the Plaintiff to serve the Complaint on Defendant no later than November 30, 2004. The Plaintiff filed a pleading indicating a return of service filed November 24, 2004, showing that service was executed on the Defendant on November 18, 2004.  However, because Plaintiff had not

properly effected service, the Court ordered Plaintiff to make proper service of the summons and amended complaint no later than April 8, 2005. Plaintiff then filed a motion for extension of time to effect service, which was granted. Proof of proper service was filed on May 31, 2005.

The facts at issue are straightforward. According to the Complaint, Mr. Brady alleges that he enlisted in the Pennsylvania National Guard on January 6, 2000, and was offered an enlistment incentive or bonus of $5,000. On January 24, 2000, the recruiting team leader informed Mr. Brady that the terms of the enlistment had to be changed in order for Mr. Brady to receive the bonus. Mr. Brady agreed to the changes, and the terms of the enlistment were altered. Although Mr. Brady has sought payment of the bonus from Defendant, the Defendant has refused to pay the bonus. Thus, Mr. Brady filed the instant action.

## II.  Standard of Review

The United States Court of Appeals for the Third Circuit has explained that a motion to dismiss pursuant to Federal Rule 12(b)(1) raises the issue of "'the trial court's jurisdiction--its very power to hear the case.'" Robinson v. Dalton, 107 F.3d 1018, 1021 (3d Cir. 1997) (quoting Mortensen v. First Federal Savings and Loan Ass'n, 549 F.2d 884, 891 (3d Cir.1977).

> A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff. In reviewing a factual attack the court may consider evidence outside the pleadings.

Gould Electronics Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000) (citing Mortensen, 549 F.2d at 891 (other internal citations omitted)).

Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(1) asserting that this Court lacks the power to hear the case, either because Plaintiff has failed to establish subject matter jurisdiction, or because Plaintiff has failed to exhaust his administrative remedies. Mortensen, 549 F.2d at 891. As such, the merits of Plaintiff's case are not at issue. Id. These arguments constitute a facial challenge to the court's subject matter jurisdiction, rather than a factual challenge. Gould Electronics, 220 F.3d at 178. On a facial challenge to the court's jurisdiction we

presume that the factual allegations in the complaint are true and review the complaint "to ensure that each element necessary for jurisdiction is present." Bell Atlantic-Pennsylvania, Inc. v. Pennsylvania Public Utility Commission, 107 F.Supp.2d 653, 659 (E.D.Pa. 2000)(quoting Halstead v. Motorcycle Safety Found., Inc., 71 F.Supp.2d 464, 468 (E.D.Pa.1999)).

Alternatively, Defendant has submitted documents for our review in support of dismissing the Complaint for failure to exhaust administrative remedies. As such, Defendants argument is either a factual challenge pursuant to Rule 12(b)(1) or a motion to dismiss pursuant to Rule 12(b)(6).

In the case of a factual challenge to the Court's subject matter jurisdiction the United States Court of Appeals for the Third Circuit has "explained that in such a circumstance, a trial court 'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" Robinson, 107 F.3d at 1021 (quoting Intern. Ass'n of Machinists & Aerospace Workers v. Northwest Airlines, Inc., 673 F.2d 700, 711 (3d Cir.1982)). "'[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" Robinson, 107 F.3d at 1021 (quoting Mortensen, 549 F.2d at 891).

A motion to dismiss pursuant to Federal Rule 12(b)(6) tests the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A court must determine whether the party making the claim would be entitled to relief under any set of facts that could be established in support of the claim. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley, 355 U.S. at 45-46); see also Wisniewski v. Johns-Manville Corp., 759 F.2d 271, 273 (3d Cir.1985). "A motion to dismiss pursuant to 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." In Re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997). While a court will accept well-pleaded allegations as true for purposes of the motion, it will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977)

3

Under Rule 12(b)(6), "it is the usual practice for a court to consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)); see also Rogan v. Giant Eagle, Inc., 113 F. Supp.2d 777, 782 (W.D. Pa. 2000). "'Documents that the defendant attaches to the motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim; as such, they may be considered by the court.'" Pryor v. NCAA, 288 F.3d 548, 560 (3d Cir. 2002) (quoting 62 Fed.Proc., L.Ed. § 62:508). Here, we may consider the documents submitted by both parties that are directly related to the basis of Plaintiff's claim and to which neither party questions the authenticity. Pryor, 288 F.3d at 560.

## III.    Discussion

Defendant supports his argument  that Plaintiff's Complaint must be dismissed for failure to exhaust administrative remedies by noting that the proper administrative avenue Plaintiff should have pursued is with the Army Board of Corrections for Military Records ("ABCMR"). The ABCMR is an administrative body established by the Secretary of the Army pursuant to 10 U.S.C. 1552, with authority to recommend that the Secretary of the Army correct military records when an error or injustice has been shown. (See Ex. A to Defendant's Motion to Dismiss.) We agree with Defendant that the ABCMR is the appropriate administrative mechanism for the relief requested by Plaintiff, and that Plaintiff has failed to exhaust his administrative remedies.

### A.

Defendant submits that Plaintiff is presently in the process of pursuing an ABCMR application to correct his records so that he can receive his bonus. Not only does Plaintiff not dispute this assertion, it appears that the military is supporting Plaintiff's complaint and attempting to resolve his problem. The evidence submitted by the parties shows the following.

4

Colonel Matthew E. Janze, Military Personnel Officer, submitted a letter dated July 14, 2005, to the ABCMR in which he stated "Due to administrative errors, we are recommending that SPC Brady be made eligible for and paid the $5000 Enlistment Bonus." (Attached as Ex. B to Defendant's Motion to Dismiss and included in Plaintiff's Motion for Extension of Time (Doc. 11)).

By letter dated July 16, 2005, Lieutenant Colonel Robert Spinelli, the staff judge advocate of the Pennsylvania Army National Guard, informed Mr. Brady that he should apply to the ABCMR. (Attached as Ex. B to Defendant's Motion to Dismiss and included in Plaintiff's Motion for Extension of Time). Lieutenant Colonel Spinelli stated that his office, "in its legal capacity, will provide the full extent of support possible to assist Private First Class Brady in filing his application." (Id.) Included in the letter were "a DD Form 149, Application for Correction Military Record under the provision of Title 10, U.S.C., Section 1552 and certain contemporaneous documents supporting [Mr. Brady's] position." (Id.) In addition, Lieutenant Colonel Spinelli "enclosed an endorsement by this command of [Mr. Brady's] request to include with his application to the ABCMR." (Id. (presumably the letter from Colonel Janze).) Finally, Lieutenant Colonel Spinelli offered to "gladly review the [completed DD Form 149] and provide a cover letter, if desired, to send to the ABCMR." (Id.)

On July 28, 2005, Mr. Brady did complete his DD Form 149. (Attached as Ex. C to Defendant's Motion to Dismiss.) As promised, Lieutenant Colonel Spinelli submitted the DD Form 149 to the ABCMR with a cover letter in which he stated:

> I write in my capacity as a legal assistance attorney on behalf of Specialist Jason D. Brady, A Company, 1st Battalion, 112th Infantry, 28th Infantry Division (Mechanized) and his enclosed Application for Correction of Military Record.
> Enclosed is Specialist Brady's DD From 149 requesting a$5,999 enlistment bonus that he did not receive when he enlisted in the Pennsylvania Army National Guard. The Pennsylvania Army National [Guard] acknowledges that Specialist Brady should have received the enlistment bonus. He had initially requested the option to attend Officer Candidate School which precluded his receiving an enlistment bonus. he subsequently changed his mind (within two weeks of enlistment) and opted to enlist as an infantryman, but the requisite documentation did not follow this change in his plans. Regulations do not allow the Pennsylvania Army National Guard to issue bonuses after execution of the enlistment contract.

5

> On behalf of Specialist Brady and the Pennsylvania Army National Guard, I respectfully request that the Board correct this situation by directing the National Guard to pay the bonus previously denied. The supporting documentation enclosed here includes Specialist Brady's enlistment contract and the Pennsylvania Army National Guard's endorsement of the request.

(Ex. C.)

### B.

In response to this argument, Plaintiff submits that he can "provide a clear timeline of events that show that administrative channels were fully exhausted." (Plaintiff's Response to Motion to Dismiss, at 2.) He avers that he sought resolution of the matter within his own unit following the chain of command. After these efforts were unsuccessful he sought assistance from his Pennsylvania State Senator. (Ex. 1 attached to Plaintiff's Response.) Thereafter, first in July, 2002, and then in November, 2002, Defendant May denied relief to Plaintiff. (Ex. 2 attached to Plaintiff's Response.) Following the last denial of relief, Plaintiff filed the instant lawsuit. Plaintiff claims that it was only after he filed his Complaint that the military command has offered to resolve this issue through the ABCMR. Despite failing to provide any evidence that he has in fact properly exhausted his remedies, Plaintiff requests that the Court resolve this dispute.

### C.

The submitted correspondence does show that it was not until after Plaintiff filed his Complaint that the military command offered to resolve the dispute. However, that only reveals a part of the story. After receiving his final denial from Defendant May in November, 2002, Plaintiff failed to contact his military command or any other military body until his Complaint was properly served in May, 2005. It was Plaintiff who chose not to pursue his claim through the military command beyond Defendant May. Thus, Colonel Janze, Lieutenant Colonel Spinelli, and the ABCMR had no knowledge of Plaintiff's complaint until after May, 2005, at which time they promptly sought to resolve the dispute. These facts offer no support for excusing Plaintiff's failure to exhaust his administrative remedies, nor do they support a finding that pursuing administrative remedies would be futile. Accordingly, we will grant Defendant's motion.

We also note that in Lieutenant Colonel Spinelli's letter to Mr. Brady he stated:

> Finally, I have enclosed a Stipulation of Dismissal Without Prejudice for [Mr. Brady] to sign
> and return to the Assistant Untied States Attorney dismissing the current complaint in
> federal court. Because the dismissal is without prejudice, you preserve Private Brady's right
> to pursue this matter in court if the ABCMR fails to provide the relief sought.

(Ex. C.) Plaintiff appears to be wary of dismissing the complaint before the ABCMR rules on his application. In his Motion for Extension of Time he stated that he did "not want to dismiss this case until the [ABCMR] has rendered its decision" and that he would only dismiss the case if he received a favorable decision. (Doc. 11.) Because Mr. Brady refused to voluntarily stipulate to dismissal of his Complaint, the Defendant was forced to file a motion to gain the same result.

## IV. Conclusion

It is clear that Mr. Brady has failed to exhaust his administrative remedies and he has offered no reason that the Court should excuse this failure. Congress has established the ABCMR to handle problems such as Plaintiff's, and we will not interfere with the military's decision making process. Accordingly, we will grant Defendant's motion to dismiss because the Court lacks subject matter jurisdiction as Mr. Brady has not exhausted his administrative remedies. Our dismissal will be without prejudice. From the correspondence submitted to the Court it appears that in the interest of justice the ABCMR will provide relief to Plaintiff. Should the ABCMR fail to provide Plaintiff the relief he sought, Plaintiff may reassert his claims in a court where subject matter jurisdiction is proper.

The following Order is therefore entered.

AND NOW, to-wit, this __28th__ day of December, 2005, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Dismiss (Doc. 12) be and hereby is GRANTED insofar as the Court lacks subject matter jurisdiction as Plaintiff has not exhausted his administrative remedies. Defendant's motion is DENIED in all other respects.

7

IT IS FURTHER ORDERED that Plaintiff's Complaint is hereby dismissed, without prejudice, because the Plaintiff has failed to exhaust his administrative remedies.

This action is hereby closed.

Maurice B. Cohill, Jr.
Senior United States District Judge

cc:    Jason Daniel Brady, pro se     (via regular mail)
       4885 State Highway 173
       Cochranton, PA 16314

       Paul Kovac                 (via electronic mail)
       United States Attorney's Office
       700 Grant Street, Suite 4000
       Pittsburgh, PA 15219

8